## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE DORIS BEHR 2012 IRREVOCABLE TRUST, | |
| Plaintiff, | Civil Action No. 19-8828 (MAS) (LHG) |
| v. | **MEMORANDUM OPINION** |
| JOHNSON & JOHNSON, | |
| Defendant. | |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff The Doris Behr 2012 Irrevocable Trust's ("Plaintiff" or "Trust") request for an Order to Show Cause ("OTSC") Why a Preliminary Injunction Should Not Be Granted. (ECF No. 7.) Defendant Johnson & Johnson ("Defendant") subsequently filed correspondence requesting the Court decline to enter the OTSC and allow the matter to proceed in the ordinary course. (ECF No. 10.) Plaintiff filed responsive correspondence on March 27, 2019. (ECF No. 11.) On March 29, 2019, the Court granted Defendant leave to file a reply (ECF No. 13), which Defendant filed on the same date (ECF No. 14).

The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court denies Plaintiff's application for an Order to Show Cause and orders the matter to proceed in the ordinary course.

## I.    Background

Plaintiff is a shareholder in Defendant's company. (*See* Pl.'s OTSC Br. 1, ECF No. 8.) As a shareholder, Plaintiff would like its shareholder proposal included in Defendant's proxy

materials, which will be considered at Defendant's next annual shareholder meeting, scheduled for April 25, 2019. (*Id.*) That proposal, essentially, is that Defendant amend its bylaws to require mandatory arbitration of shareholders' federal securities law claims.[1] (Ex. 1, ECF No. 8-1.) On November 9, 2018, Plaintiff submitted its proposal to Defendant for inclusion in its proxy materials.[2] (*Id.*)

---

[1] Plaintiff's proposal is as follows:

The shareholders of [Defendant] request the Board of Directors take all practicable steps to adopt a mandatory arbitration bylaw that provides:

- for disputes between a stockholder and the Corporation and/or its directors, officers or controlling persons relating to claims under federal securities laws in connection with the purchase or sale of any securities issued by the Corporation to be exclusively and finally settled by arbitration under the Commercial Rules of the American Arbitration Association (AAA), as supplemented by the Securities Arbitration Supplementary Procedures;

- that any disputes subject to arbitration may not be brought as a class and may not be consolidated or joined;

- an express submission to arbitration (which shall be treated as a written arbitration agreement) by each stockholder, the Corporation and its directors, officers, controlling persons and third parties consenting to be bound;

- unless the claim is determined by the arbitrator(s) to be frivolous, the Corporation shall pay the fees of the AAA and the arbitrator(s), and if the stockholder party is successful, the fees of its counsel;

- a waiver of any right under the laws of any jurisdiction to apply to any court of law or other judicial authority to determine any matter or to appeal or otherwise challenge the award, ruling or decision of the arbitrator(s);

- that governing law is federal law; and

- for a five-year sunset provision, unless holders of a majority of Corporation shares vote for an extension and the duration of any extension.

(*Id.* at 4.)

[2] Plaintiff contends, and Defendant does not dispute, that Plaintiff is eligible to submit, and timely submitted, its shareholder proposal. *See* 17 C.F.R. § 240.14a-8.

On December 11, 2018, Defendant informed the Securities and Exchange Commission's ("SEC") Division of Corporate Finance (the "Division") that it intended to exclude Plaintiff's proposal from the annual shareholder meeting's proxy materials. (Ex. 2, ECF No. 8-2.) *See* 17 C.F.R. § 240.14a-8(i)(2) (allowing a company to exclude a shareholder proposal "[i]f the proposal would, if implemented, cause the company to violate any state, federal, or foreign law to which it is subject"). Defendant asked the Division to concur with Defendant's belief that the proposal would cause it to violate federal law.[3] (*Id.*)

On December 24, 2018, Plaintiff sent the Division an e-mail message, stating Defendant failed to meet its burden in demonstrating that the shareholder proposal would cause Defendant to violate the law. (Ex. 3, ECF No. 8-3.) Specifically, Plaintiff argued Defendant's position was erroneous in light of the Federal Arbitration Act, and the United States Supreme Court's holding "that mandatory individual arbitration, under the auspices of the Federal Arbitration Act, does not conflict with the ability of an aggrieved party to vindicate rights provided under *any* federal statute absent 'a clearly expressed congressional intention'[] to the contrary." (*Id.* (footnote omitted) (citing *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1624 (2018)).)

On January 16, 2019, Defendant sent the Division supplemental correspondence contending Plaintiff's proposal would also violate New Jersey state law. (Ex. 4, ECF No. 8-4.) In that correspondence, Defendant relied on an opinion document,[4] which stated that "[n]o New

---

[3] This request, known as a "no action request," indicates that the Division will not recommend "an enforcement action against the company if [the company] omit[s] the [shareholder] proposal from its proxy materials." *Trinity Wall St. v. Wal-Mart Stores, Inc.*, 792 F.3d 323, 327 (3d Cir. 2015) (citation omitted).

[4] Lowenstein Sandler authored the opinion document upon Defendant's request. (*See* Ex. 4 ("You requested our opinion as to certain matters of New Jersey law in connection with a shareholder proposal . . . submitted by The Doris Behr 2012 Irrevocable Trust . . . to Johnson & Johnson . . . for inclusion in the Company's proxy statement for its 2019 annual meeting of shareholders.").)

Jersey court has considered the issue," and, relying on non-binding legal authority, opined that Plaintiff's shareholder proposal likely violates New Jersey law. (Ex. 4, Ex. A at 4.)

On January 23, 2019, Plaintiff also sent the Division supplemental correspondence refuting Defendant's assertions. (Ex. 5, ECF No. 8-5.) Plaintiff, among other things, emphasized that even assuming Defendant was correct regarding New Jersey state law, the Federal Arbitration Act preempted state law. (*See id.* at 3.)

On January 29, 2019, New Jersey Attorney General Gurbir S. Grewal sent the Division correspondence stating that Plaintiff's shareholder proposal would cause Defendant to violate New Jersey state law. (Ex. 6, ECF No. 8-6.) On February 1, 2019, Plaintiff contested Attorney General Grewal's correspondence, and further stated that Attorney General Grewal failed to address its Federal Arbitration Act preemption issue. (Ex. 7, ECF No. 8-7.)

On February 11, 2019, the Division issued a "no action letter," providing,

> In light of the submissions before us, including in particular the opinion of the Attorney General of the State of New Jersey that implementation of the [p]roposal would cause the Company to violate state law, we will not recommend enforcement action to the Commission if the Company omits the Proposal from its proxy materials . . . .

(Ex. 8, ECF No. 8-8.) The Division qualified, however, that it did not "approv[e] or disapprov[e] the substance of the [p]roposal or opin[e] on the legality of it," and further stated, "[The p]arties could seek a more definitive determination from a court of competent jurisdiction." (*Id.* at 2 (internal quotation marks omitted).) Finally, the Division reserved on opining on whether Plaintiff's proposal would cause Defendant to violate federal law. (*Id.* at 3.)

Plaintiff avers, and Defendant does not dispute, that Defendant mailed its proxy materials to shareholders on March 13, 2019; those materials excluded Plaintiff's shareholder proposal. (Compl. ¶ 32, ECF No. 1; Def.'s Correspondence 3, ECF No. 10.) On March 21, 2019, Plaintiff

initiated the instant action (*See* ECF No. 1), and on March 26, 2019, Plaintiff filed the instant application for an Order to Show Cause (ECF No. 7).

## II.   **Legal Standard**

"Preliminary injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merk Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)).   Plaintiff bears the burden of establishing it is "likely to succeed on the merits . . . likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).   "A plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate."[5]   *Nutrasweet Co. v. Vit-Mar Enters.*, 176 F.3d 151, 153 (3d Cir. 1999).

"Moreover, where the relief ordered by the preliminary injunction is mandatory and will alter the status quo, the party seeking the injunction must meet a higher standard of showing irreparable harm in the absence of an injunction."   *Bennington Foods, LLC v. St. Croix Renaissance, Grp., LLP*, 528 F.3d 176, 179 (3d Cir. 2008).   Therefore, "[m]andatory injunctive relief is 'granted sparingly, because mandatory injunctions are more burdensome than prohibitory injunctions, and disturb the status quo prior to final adjudication.'" *Tri-Realty Co. v Ursinus Coll.*, No. 11-5885, 2013 WL 5298469, at \*12 (E.D. Pa. Sept. 19, 2013) (quoting *Christie-Spencer Corp. v. Hausman Realty Co. Inc.*, 118 F. Supp. 2d 408, 418 (S.D.N.Y. 2000)).

## III.   **Discussion**

Plaintiff is seeking a preliminary injunction (1) requiring Defendant to provide proxy materials during the annual shareholders meeting that include Plaintiff's mandatory arbitration

---

[5] Because the Court finds Plaintiff failed to establish irreparable harm, the Court does not address the remaining preliminary injunction factors.

proposal; (2) preventing Defendant from excluding its mandatory arbitration proposal from future proxy materials; and (3) ordering Defendant "to announce in its proxy materials that [Plaintiff's] proposal is legal under the law of New Jersey and under the law of the United States, to remove the taint caused by the baseless accusations of illegality that [Defendant] and the New Jersey Attorney General have made against [Plaintiff's] proposal." (Pl.'s OTSC Br. 1.)

Plaintiff's forty-page brief addresses irreparable harm in a single paragraph. Plaintiff's entire argument is as follows:

> The Trust will suffer irreparable harm if its proposal is excluded from consideration at the upcoming shareholder['s] meeting. *See* [*N.Y.C. Emps. Ret. Sys.*] v. [*Am.*] *Brands, Inc.*, 634 F. Supp. 1382, 1388 (1986) ("[I]rreparable harm occurs to a shareholder whose proposal is wrongfully excluded from management's proxy solicitation because the shareholder loses the 'opportunity to communicate his [or her] concern with those shareholders not attending the upcoming shareholder meeting.'" (quoting *Lovenheim v. Iroquois Brands Ltd.*, 618 F. Supp. 554, 561 (D.D.C. 1985)). That remains the case regardless of whether the proposal is likely to pass. *See id.*; *see also* [*N.Y.C. Emps. Ret. Sys.*] v. *Dole Food Co., Inc.*, 795 F. Supp. [95], 103 (S.D.N.Y. 1992) (shareholder established irreparable harm from corporation's exclusion of its proposal because . . . it "would not be able to bring its proposal to [the corporation's] shareholders for another year."), *vacated as moot in* [*N.Y.C. Emps. Ret. Sys.*] v. *Dole Food Co., Inc.*, 969 F.2d 1430 (2d Cir. 1992).

(*Id.* at 38.)

Defendant argues the matter is not emergent for the following reasons. First, Defendant notes that Plaintiff wholly neglects to argue that its motion is emergent as required under Local Civil Rule 65.1(a). (Def.'s OTSC Correspondence 2.)

Second, Defendant states Plaintiff's own dilatory conduct undermines any potential emergent argument it may have had. (*Id.*) Specifically, it notes that Plaintiff: (1) has been aware of its intent to exclude Plaintiff's proposal for the past four and one-half months; (2) knew of the Attorney General's position since January 29, 2019; and (3) knew of the Division's position since February 11, 2019. (*Id.* at 2-3.) Yet, Defendant avers, Plaintiff waited until one month prior to

6

the annual shareholder's meeting before initiating this action, and then waited another five days before filing the OTSC. (*Id.*)

Third, Defendant contends Plaintiff ignored prejudice Defendant will face if the Court permits accelerated adjudication because it will inhibit Defendant's ability to present a full and fair defense. (*Id.* at 4.) Moreover, Defendant argues Plaintiff neglected to consider that New Jersey Attorney General Grewal "may view his participation in this lawsuit as necessary and appropriate." (*Id.*) Finally, Defendant emphasizes that Plaintiff itself concedes that it "intends to submit its proposal again for the 2020 shareholder meeting, and it will continue submitting this proposal each year until the proposal is adopted by the shareholders." (*Id.* (quoting Compl. ¶ 34).)

The Court agrees with Defendant. Preliminarily, Plaintiff wholly fails to argue that emergent relief is warranted, as required under Local Civil Rule 65.1(a). *See, e.g., Diaz v. Muller*, No. 11-4029, 2011 U.S. Dist. LEXIS 78361, at *2 (D.N.J. July 18, 2011) ("Petitioner has supplied no . . . affidavit or verified pleading of good and sufficient reasons why a procedure other than by notice of motion is necessary. Nor does the brief in support of the application for an order to show cause even address the question of what such reasons might be."); *see also Robinson v. PNC Bank*, 631 F. App'x 102, 106 (3d Cir. 2015).

Plaintiff also fails to demonstrate it is entitled to the extraordinary remedy of a mandatory preliminary injunction. In fact, Plaintiff's argument supporting irreparable harm, consisting of only two non-citation sentences, fails to address that Plaintiff stated it intends to raise its shareholder proposal at the 2020 annual shareholder's meeting, and every meeting thereafter "until the proposal is adopted by the shareholders." (Compl. ¶ 34.) Thus, Plaintiff makes no reference as to why its shareholder proposal must be specifically included in the 2019 proxy materials.

Moreover, Plaintiff has been aware of the Division's "no action letter" since February 11, 2019, but did not file the instant OTSC until March 26, 2019. Even assuming Plaintiff could not file the instant motion until after Defendant distributed the proxy materials (an issue the Court

7

need not resolve here), Plaintiff still waited nearly two weeks from Defendant's distribution of the proxy materials to the filing of the instant application. (*Compare* Pl.'s Mar. 27, 2019 Correspondence (arguing it could not file the instant matter until Defendant issued the proxy materials, or else there would be no injury in fact) *with* Def.'s Mar. 29, 2019 Correspondence (citing case law supporting its argument that "shareholders regularly file actions challenging the exclusion of their proposals before the proxy materials are distributed").) Thus, Plaintiff's delay in filing the OTSC undermines any arguments of immediate irreparable harm. *See e.g., MNI Mgmt., Inc. v. Wine King, LLC*, 542 F. Supp. 2d 398, 403 (D.N.J. 2008) ("[I]nexcusable delay in seeking a preliminary injunction may defeat a movant's assertion of irreparable harm."); *see also Chaves v. Int'l Boxing Fed'n*, No. 16-1374, 2016 WL 1118246, at *2 (D.N.J. Mar. 22, 2016) (denying the plaintiff's application for an OTSC, finding "[T]he nature and extent of irreparable harm is not clear, given that [the p]laintiffs waited until the last minute to file this application"). Therefore, because Plaintiff failed to make a sufficient showing to justify emergent relief, and further failed to support its argument that it will suffer irreparable harm, the Court denies Plaintiff's application for an order to show cause, and directs this matter to proceed in the ordinary course.

## IV. Conclusion

The Court hereby denies Plaintiff's application for an Order to Show Cause Why A Preliminary Injunction Should Not Be Granted. (ECF No. 7.) The Court will enter an order consistent with this Memorandum Opinion.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**