IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| **The Doris Behr 2012 Irrevocable Trust**, | |
| Plaintiff, | Case No. 3:19-cv-8828-MAS-LHG |
| v. | |
| **Johnson & Johnson**, | |
| Defendant. | |

**RESPONSE TO MOTION OF THE CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM AND THE COLORADO PUBLIC EMPLOYEES' RETIREMENT ASSOCIATION TO INTERVENE AS DEFENDANTS**

JONATHAN F. MITCHELL*
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

HAL S. SCOTT*
Harvard Law School
1557 Massachusetts Avenue
Cambridge, Massachusetts 02138
(617) 495-4590
hscott@law.harvard.edu

WALTER S. ZIMOLONG
Zimolong LLC
P.O. Box 552
Villanova, Pennsylvania 19085
(215) 665-0842
wally@zimolonglaw.com

* admitted *pro hac vice*          *Counsel for Plaintiff*

# TABLE OF CONTENTS

Table of contents ........................................................................................... i

Table of authorities ...................................................................................... ii

    I.  A motion to intervene must be accompanied by a pleading that sets out the claim or defense for which intervention is sought ..........................................1

Conclusion .....................................................................................................6

Certificate of service.....................................................................................7

# TABLE OF AUTHORITIES

## Cases

*Dickerson v. U.S. Steel Corp.*, 582 F.2d 827 (3d Cir. 1978) ........................................ 2

*Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718 (2017)...............................3

*MCI Telecommunications Corp. v. AT&T Co.*, 512 U.S. 218 (1994)........................... 4

*Milner v. Department of the Navy*, 562 U.S. 562 (2011)...............................................5

*Norfolk S. Ry. Co. v. Sorrell*, 549 U.S. 158 (2007)....................................................... 4

*PPL Energyplus, LLC v. Solomon*,
   2011 WL 13128622 (D.N.J. July 19, 2011) ...........................................................5

*Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775 (1st Cir. 1988).............................1

*School District of Philadelphia v. Pennsylvania Milk Marketing Board*,
   160 F.R.D. 66 (E.D. Pa. 1995)..............................................................................2, 5

*SEC v. Investors' Security Leasing Corp.*, 610 F.2d 175 (3d Cir. 1979) ..................... 2

*Township of South Fayette v. Allegheny County Housing Authority*,
   183 F.R.D. 451 (W.D. Pa. 1998) ..........................................................................1, 5

*United States v. American Trucking Associations, Inc.*,
   310 U.S. 534 (1940) ................................................................................................ 4

*Waudby v. Verizon Wireless Services, LLC*,
   248 F.R.D. 173 (D.N.J. 2008)...............................................................................1, 5

## Other Authorities

Antonin Scalia, *The Rule of Law as a Law of Rules*, 56 U. Chi. L. Rev.
   1175 (1989) ...............................................................................................................3

*Camreta v. Greene*, 563 U.S. 692 (2011) .....................................................................5

Frank H. Easterbrook, *Text, History, and Structure in Statutory
   Interpretation*, 17 Harv. J.L. & Pub. Pol'y 61 (1994) ...........................................3

John F. Manning, *What Divides Textualists From Purposivists?*, 106
   Colum. L. Rev. 70 (2006) .........................................................................................3

## Rules

Fed. R. Civ. P. 24(c) ...................................................................................................1, 5

The motion to intervene should be denied because it fails to include a "pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

## I.  A MOTION TO INTERVENE MUST BE ACCOMPANIED BY A PLEADING THAT SETS OUT THE CLAIM OR DEFENSE FOR WHICH INTERVENTION IS SOUGHT

The command of Rule 24(c) is clear and unambiguous: "A motion to intervene *must* . . . be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c) (emphasis added); *see also Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783–84 (1st Cir. 1988) ("'The motion *shall* state the grounds therefor and *shall* be accompanied by a pleading setting forth the claim or defense for which intervention is sought.' Fed. R. Civ. P. 24(c) (emphasis added). The language of the rule is mandatory, not permissive, and the rule sets forth reasonable procedural requirements to insure that claims for intervention are handled in an orderly fashion.").

The motion to intervene, however, does not include the pleading that Rule 24(c) requires. That alone requires the Court to deny the motion. *See Waudby v. Verizon Wireless Services, LLC*, 248 F.R.D. 173, 175 (D.N.J. 2008) ("A proposed intervenor must comply with the requirements of Rule 24(c). *See S.E.C. v. Investors Sec. Leasing Corp.,* 610 F.2d 175, 178 (3d Cir. 1979). . . . Here, Movant has not provided a pleading as is required by the Rule. . . . Thus, Movant's Motion to Intervene is denied."); *Township of South Fayette v. Allegheny County Housing Authority*, 183 F.R.D. 451, 453 (W.D. Pa. 1998), aff'd sub nom., 185 F.3d 863 (3d Cir. 1999) ("Because movants

have not submitted pleadings 'setting forth the claim or defense for which intervention is sought,' their motions to intervene are subject to dismissal for failure to comply with the mandate of Rule 24(c)."); *School District of Philadelphia v. Pennsylvania Milk Marketing Board*, 160 F.R.D. 66, 67 (E.D. Pa. 1995) ("PAMD has not, however, attached a 'pleading setting forth the claim or defense for which intervention is sought' as required by Rule 24(c). Accordingly, PAMD has not properly moved this Court for intervention, and so PAMD's motion to intervene either as of right or by permission must be DENIED.").[1]

 The proposed intervenors acknowledge that Rule 24(c) "*requires* that the proposed intervenor file a proposed pleading setting forth its claim or defense with a motion to intervene." Mem. in Support of Mot. to Intervene (ECF No. 21-1) at 12 n.4 (emphasis added). Yet the proposed intervenors seem to believe that they are entitled to a special dispensation from this unambiguous requirement. In a footnote, the proposed intervenors write:

> The purpose of Rule 24(c) is to "provid[e] notice to the existing parties of the basis and nature of the intervener's claim." *PPL Energyplus, LLC v. Solomon*, 2011 WL 13128622, at *3 (D.N.J. July 19, 2011). As a result, when, as here, a motion to intervene "contain[s] considerable detail" that puts the parties "on notice as to [the intervenors'] desired role in

---

1.  *See also Dickerson v. U.S. Steel Corp.*, 582 F.2d 827, 832 (3d Cir. 1978) ("Furthermore, the class-member witnesses have not complied with Rule 24(c) which sets forth the procedure for intervention: service of a motion on the parties which shall state the grounds therefor and a pleading setting forth the claim. We conclude, then, that there is no authority in Rule 24 for the 'equitable intervention' attempted in this case."); *SEC v. Investors' Security Leasing Corp.*, 610 F.2d 175, 178 (3d Cir. 1979) ("Because the requirements of rule 24(c) were not complied with, the owners were not proper parties in the district court.").

> this litigation," courts allow intervention absent a proposed pleading."
> *Id.* In this case, the Colorado PERA and CalPERS have put the parties
> on notice that they intend to defend against the plaintiff's claims. And
> the proposed intervenors will be filing their own motion to dismiss on
> the same schedule as Johnson & Johnson's motion, which will be before
> the return date of this motion to intervene.

*See id.* This is nothing less than an invitation to ignore the law. Rule 24(c) establishes a *rule* that is binding on both litigants and courts: A motion to intervene *must* be accompanied by a pleading that sets out the claim or defense for which intervention is sought. The proposed intervenors think that they need not follow this rule so long they can assert that its "purpose" has been achieved in spite of their non-compliance. That line of argument conflates the reason for a rule with the rule itself. The entire point of governing by rule is to establish a command that remains enforceable *even when* its supposed "purpose" would not be served—in order to capture the systemic benefits that come from legislating by rule rather than standard. *See* John F. Manning, *What Divides Textualists From Purposivists?*, 106 Colum. L. Rev. 70, 104–05 (2006); Frank H. Easterbrook, *Text, History, and Structure in Statutory Interpretation*, 17 Harv. J.L. & Pub. Pol'y 61, 68 (1994); *see also* Antonin Scalia, *The Rule of Law as a Law of Rules*, 56 U. Chi. L. Rev. 1175 (1989) (noting that statutory rules can promote predictability and planning, avoid arbitrary treatment of regulated entities, and reduce decision costs for those who implement the law). What's more, the Supreme Court has emphatically rejected the notion that courts may convert rules into standards by appealing to the ostensible purpose behind the enactment. *See Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1724 (2017) ("[W]e will not presume with petitioners that any result consistent with their account of the statute's

overarching goal must be the law but will presume more modestly instead 'that [the] legislature says . . . what it means and means . . . what it says.' *Dodd v. United States*, 545 U.S. 353, 357 (2005) (internal quotation marks omitted; brackets in original)."); *Norfolk S. Ry. Co. v. Sorrell*, 549 U.S. 158, 171 (2007) ("It frustrates rather than effectuates legislative intent simplistically to assume that *whatever* furthers the statute's primary objective must be law.").[2]

And for good reason: Just how, exactly, is a court supposed to determine whether the "purpose" of Rule 24(c) has been sufficiently achieved so that an intervenor need not submit a pleading? The proposed intervenors claim that they need not submit a pleading so long as their motion "'contain[s] considerable detail'" and "puts the parties 'on notice as to [the intervenors'] desired role in this litigation.'" Mem. in Support of Mot. to Intervene (ECF No. 21-1) at 12 n.4 (emphasis added). It is hard to comprehend how the intervenors can declare *that* to be the "purpose" of Rule 24(c). The rule requires a pleading that sets out "the *claim or defense* for which intervention is sought"—not the "desired role in the litigation." And if the purpose of Rule 24(c) is simply to ensure that the parties are given "notice" of the intervenors' desired role—either in the motion or in the pleading—then why would the rule *re-*

---

2. *MCI Telecommunications Corp. v. AT&T Co.*, 512 U.S. 218, 231 n.4 (1994) (declaring that courts and agencies are "bound, not only by the ultimate purposes Congress has selected, but by the means it has deemed appropriate, and prescribed, for the pursuit of those purposes"). *United States v. American Trucking Associations, Inc.*, 310 U.S. 534, 543 (1940) ("There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes.").

*quire* the submission of a pleading rather than making it optional? The only conceivable "purpose" of Rule 24(c) is to ensure that a pleading is submitted alongside the motion to intervene—and to ensure that the pleading "sets forth the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

Finally, the proposed intervenors cite an unpublished district-court decision that flouted Rule 24(c) and granted a motion to intervene that was unaccompanied by a pleading. *See* Mem. in Support of Mot. to Intervene (ECF No. 21-1) at 12 n.4 (citing *PPL Energyplus, LLC v. Solomon*, 2011 WL 13128622, at *3 (D.N.J. July 19, 2011)). The proposed intervenors, however, make no attempt to explain why this Court should follow a ruling that disregards the language of Rule 24(c). *See Milner v. Department of the Navy*, 562 U.S. 562, 576 (2011) ("[W]e have no warrant to ignore clear statutory language on the ground that other courts have done so."). District-court rulings have no binding precedential force—even in the same judicial district—and may be followed only if their reasoning is persuasive. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (citation and internal quotation marks omitted)). Yet the proposed intervenors think that this Court should follow the unpublished district-court ruling that departs from Rule 23(c), rather than the rulings that we have cited that enforce the rule and deny motions that are unaccompanied by the required pleading. *See Waudby*, 248 F.R.D. at 175; *Township of South Fayette*, 183 F.R.D. at 453 (W.D. Pa. 1998); *School District of Philadelphia*, 160 F.R.D. at 67.

## CONCLUSION

The motion to intervene should be denied.

Respectfully submitted.

 /s/ Walter S. Zimolong 

JONATHAN F. MITCHELL *
Mitchell Law PLLC
106 East Sixth Street, Suite 900
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

WALTER S. ZIMOLONG
Zimolong LLC
P.O. Box 552
Villanova, PA 19085
(215) 665-0842
wally@zimolonglaw.com

HAL S. SCOTT*
Harvard Law School
1557 Massachusetts Avenue
Cambridge, Massachusetts
02138
(617) 495-4590
hscott@law.harvard.edu

* admitted *pro hac vice*

Dated: June 6, 2019

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on June 6, 2019, I served this document by CM/ECF upon:

ANDREW MUSCATO
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000 (phone)
(212) 735-2000 (fax)
andrew.muscato@skadden.com

*Counsel for the Defendant*

JAMES E. CECCHI
Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068-1739
(973) 994-1700 (phone)
(973) 994-1744 (fax)
jcecchi@carellabyrne.com

*Counsel for the Proposed Intervenors*

 /s/ Walter S. Zimolong 
WALTER S. ZIMOLONG
*Counsel for Plaintiff*