### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE DORIS BEHR 2012 IRREVOCABLE TRUST,<br>*Plaintiff*,<br><br>v.<br><br>JOHNSON & JOHNSON,<br>*Defendant*,<br><br>and<br><br>CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM and COLORADO PUBLIC EMPLOYEES' RETIREMENT ASSOCIATION,<br>*Proposed Intervenors-Defendants.* | Case No. 3:19-cv-08828 (MAS) (LHG)<br><br>**Reply in Support of California Public Employees' Retirement System and Colorado Public Employees' Retirement Association's Motion to Intervene** |

As the holders of over ten million shares of Johnson & Johnson stock, Colorado PERA and CalPERS are well positioned to ensure that shareholders are adequately represented in this case. Their motion to intervene explains why the prerequisites for intervention are satisfied here: their request was timely; they have a considerable stake in the litigation's outcome; their interests are squarely implicated by the relief sought; and, perhaps most importantly, *Johnson & Johnson* by definition cannot adequately represent their interests in *suing Johnson & Johnson*.

Nobody seriously disputes that Colorado PERA and CalPERS have satisfied these requirements. Johnson & Johnson does not oppose the intervention motion. And Hal Scott's trust tacitly concedes that each of these criteria for intervention are satisfied.

Instead, the trust has filed an untimely opposition—three days after it was required to do so under the Local Rules—that asks the Court to deny intervention based solely on the procedural requirement in Rule 24(c) that any intervention request be "accompanied by a pleading that sets

1

out the claim or defense for which intervention is sought."[1] Rule 24(c) simply requires the proposed intervenors to file a document putting the parties on notice of their legal position, which is precisely what Colorado PERA and CalPERS did here. Even if the Court accepts the trust's untimely opposition, it should therefore reject the trust's misguided procedural objection.

Colorado PERA and CalPERS have fully complied with Rule 24(c). One week after filing their motion to intervene—and before any opposition to intervention was due under the local rules—they filed a motion to dismiss detailing all of the grounds for their legal challenge to the trust's complaint. The concurrent filing of a dispositive motion that notifies the court and the parties of the intervenors' defenses to the litigation plainly comports with Rule 24(c), which is designed "to enable the court to properly frame the issues, and to inform the parties against whom some right is asserted or relief [is] sought." *In re Pantapaque Prods. Liability Litig.*, 938 F. Supp. 266, 274 (D.N.J. 1996). The rule is satisfied so long as "the documents filed clearly notify the original parties of the position the applicant intervenor will assert." *New Century Bank v. Open Solutions, Inc.*, 2011 WL 1666926, *3 (E.D. Pa. 2011) (holding that a motion to dismiss satisfied the rule). Indeed, the trust fails to explain explain *how*, in its view, the proposed intervenors' motion to dismiss fails to satisfy Rule 24(c). This failure is particularly striking because courts give the rule a "liberal construction"—when "the policy behind Rule 24(c) of providing notice to the existing parties of the basis and nature of the intervener's claim has been satisfied," any shortcoming is treated as a "purely technical defect" that may be disregarded. *PPL Energyplus, LLC v. Solomon*, 2011 WL 13128622, *3 (D.N.J. 2011).

---

[1] The opposition should be rejected for untimeliness alone. Any opposition was due on June 3. Yet the trust did not file its opposition until June 6—*after* Colorado PERA and CalPERS requested that the motion to intervene be treated as unopposed. *See* ECF No. 28. Under Local Civil Rule 7.1(d)(2), "[t]he brief and papers in opposition to a motion . . . *must* be filed with the Clerk at least 14 days prior to the original motion day." L.Civ.R. 7.1(d)(2) (emphasis added).

Nor is there any reasonable basis to contend that the rule was violated merely because the motion to dismiss was filed one week after the motion to intervene and before the trust's response to the motion. *See, e.g.*, *Samuel v. Goodyear Tire & Rubber Co.*, 2005 WL 8158363, *3 (N.D. Ala. 2005) (holding Rule 24(c) satisfied where the pleading was filed *six months* after the motion to intervene). The trust's own cases reinforce this basic point—they all involved a proposed intervenor that *never* filed a proposed pleading and failed to otherwise provide information allowing "an adequate assessment" of whether the standards for intervention were satisfied. *See, e.g.*, *Waudby v Verizon Wireless Servs., LLC*, 248 F.R.D. 173, 175 (D.N.J. 2008). That is a far cry from this case. Indeed, Colorado PERA and CalPERS notified the parties in their motion to intervene that they would file a motion to dismiss on May 31, 2019—the same date that Johnson & Johnson's motion was due, ECF No. 21-1, at 12 n.2—and the trust did not request an extension of time to oppose intervention or otherwise indicate that it would be prejudiced by this brief gap in time. In any event, as intervening defendants, Colorado PERA and CalPERS will be required to file an answer only after the motions to dismiss are decided, so there is no prejudice to the trust in this case.

In short, despite the trust's untimely and vague assertion to the contrary, Colorado PERA and CalPERS have met Rule 24's requirements and their motion to intervene should be granted.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | */s/ James E. Cecchi* |
| MARC I. GROSS, ESQ. | JAMES E. CECCHI |
| POMERANTZ LLP | CARELLA, BYRNE, CECCHI, OLSTEIN, |
| 600 Third Avenue | BRODY & AGNELLO, P.C. |
| New York, New York, 10016 | 5 Becker Farm Road |
| (212) 661-1100 | Roseland, New Jersey 07068 |
|  | (973) 994-1700 |
| SALVATORE J. GRAZIANO | DEEPAK GUPTA |
| BERNSTEIN LITOWITZ BERGER & | ALEXANDRIA TWINEM* |
| GROSSMANN LLP | GUPTA WESSLER PLLC |
| 1285 Avenue of the Americas | 1900 L Street, NW, Suite 312 |
| New York, NY  10019 | Washington, DC 20036 |
| (212) 554-1400 | (202) 888-1741 |
|  | *Admitted in New York only. Practicing under DC bar member supervision. |
|  | *Counsel for Proposed Intervenors California Public Employees' Retirement System and Colorado Public Employees' Retirement Association* |
| June 10, 2019 |  |

4

## CERTIFICATE OF SERVICE

I certify that on June 10, 2019, I served this document via CM/ECF upon:

Walter Stephen Zimolong
Zimolong LLC
PO Box 552
Suite 1210
Villanova, PA 19085
215-665-0842 (phone)
215-689-3404 (fax)
wally@zimolonglaw.com

*Counsel for the Plaintiff*

Justin Taylor Quinn
Robinson Miller LLC
One Newark Center
19th Floor
Newark, NJ 07102
973-690-5400 (phone)
jquinn@rwmlegal.com

Andrew Muscato
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000 (phone)
(212) 735-2000 (fax)
andrew.muscato@skadden.com

*Counsel for the Defendant*

                                          */s/ James E. Cecchi*
                                          James E. Cecchi
                                          *Counsel for Proposed Intervenors/Defendants The*
                                          *California Public Employees' Retirement System and*
                                          *The Colorado Public Employees' Retirement Association*