UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THE DORIS BEHR 2012 IRREVOCABLE
TRUST,

          Plaintiff,

v.

JOHNSON & JOHNSON,

          Defendant.

Civil Action No. 19-8828 (MAS) (LHG)

**ORDER TO SHOW CAUSE**

    This matter comes before the Court upon Defendant Johnson & Johnson's ("Defendant") Motion to Dismiss (ECF No. 25) and Intervenors California Public Employees Retirement System and Colorado Public Employees Retirement Association's (collectively, "Intervenors") Motion to Dismiss (ECF No. 24). Plaintiff The Doris Behr 2012 Irrevocable Trust ("Plaintiff" or "Trust") opposed Defendant's Motion (ECF No. 39), and Defendant and Intervenors replied to Plaintiff's Opposition (ECF Nos. 40, 42). Attorney General of New Jersey Gurbir S. Grewal appeared as amicus curiae ("Amicus Curiae") and filed a motion in support of Defendant's Motion to Dismiss. (ECF No. 45.)

    Both motions to dismiss rely upon a recent decision of the Delaware Court of Chancery, *Sciabacucchi v. Salzberg*, No. 2017-0931, 2018 WL 6719718 (Del. Ch. Dec. 19, 2018). Defendant cites *Sciabacucchi* for the proposition that New Jersey courts would follow Delaware courts and find "forum selection bylaws are invalid and illegal if they purport to govern external claims, including claims under the federal securities laws." (Def.'s Moving Br. 22, ECF No. 25-1.) Intervenors argue that the Court of Chancery's decision is "directly on point and provide[s] strong justifications for interpreting N.J.[ Stat. Ann.] § 14A:2–9(4) as limiting the subject matter of

corporate bylaws to matters of internal affairs." (Intervenors' Reply Br. 4–5, ECF No. 42.) Amicus Curiae argues that *Sciabacucchi* "provides valuable guidance in interpreting the [New Jersey Business Corporation Act]" because it "is a well-reasoned decision that interprets the nearly identical provision of Delaware corporate law." (Amicus Curiae Br. 10, ECF No. 35-4.) Plaintiff argues *Sciabacucchi* is "readily distinguishable," (Pl.'s Opp'n Br. 26, ECF No. 39), yet devotes significant briefing to discussion of the decision and its role in this case, (*see id.* at 18–28).

The Court notes that the Court of Chancery's decision has been appealed to the Delaware Supreme Court. *See* Notice of Appeal, *Salzberg v. Sciabacucchi*, No. 346,2019 (Del. Aug. 5, 2019). The appeal has been fully briefed, and oral argument is scheduled for January 8, 2020. *See* Notice of Oral Argument, *Salzberg v. Sciabacucchi*, No. 346,2019 (Del. Nov. 14, 2019). The Court finds that at least one of the issues on appeal addresses the Court of Chancery's December 19, 2018 decision cited by the movants and amicus curiae. *See* Appellant's Br. 26–30, *Salzberg v. Sciabacucchi*, No. 346,2019 (Del. Sept. 23, 2019). Accordingly,

**IT IS** on this 20th day in December 2019, **ORDERED** that:

1. By **January 3, 2019**, by e-filed submission no longer than five pages, each party must show cause for why the Court should not stay this matter pending the Delaware Supreme Court's disposition of *Salzberg v. Sciabacucci*, No. 346,2019.

2. The Clerk shall administratively terminate Defendant's Motion to Dismiss (ECF No. 25) and Intervenors' Motion to Dismiss (ECF No. 24) pending resolution of this Order to Show Cause.

3. Following review of the parties' submissions, the Court will enter an appropriate order.

/s/ Mashipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE