SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

———

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL
212-735-2217
DIRECT FAX
917-777-2217
EMAIL ADDRESS
ANDREW.MUSCATO@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

January 3, 2020

**BY ECF**

Honorable Michael A. Shipp
United States District Judge
District of New Jersey
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street
Trenton, NJ 08608

RE:    *The Doris Behr 2012 Irrevocable Trust v. Johnson &
Johnson*, No. 3:19-cv-8828-MAS-LHG

Dear Judge Shipp:

On behalf of defendant Johnson & Johnson ("Defendant" or the "Company"),
we respectfully make this submission in response to the Court's Order to Show
Cause, dated December 20, 2019, directing the parties to show cause for why the
Court should not stay this matter pending the Delaware Supreme Court's disposition
of *Salzberg v. Sciabacucchi*, No. 346,2019.

The Company respectfully takes no position on whether the Court should stay
this action pending the Delaware Supreme Court's decision in *Sciabacucchi* because
the timing of the Court's decision on Defendant's Motion to Dismiss (ECF No. 25)
will not have practical implications for this case.  This Action concerns a shareholder
proposal that plaintiff The Doris Behr 2012 Irrevocable Trust ("Plaintiff") proffered
in November 2018 for inclusion in the Company's proxy materials in connection
with the April 25, 2019 annual shareholder meeting (the "Proposal"), which the
Company properly excluded pursuant to SEC Rule 14a-8(i)(2) on the grounds that it
would "cause the company to violate any state, federal, or foreign law to which it is
subject."  17 C.F.R. § 240.14a-8(i)(2).  The Court denied Plaintiff's motion for a
preliminary injunction to compel inclusion of the Proposal in the Company's 2019

Honorable Michael A. Shipp
January 3, 2020
Page 2

proxy materials (*see* ECF No. 16), and Plaintiff did not seek to have its Proposal included in the Company's 2020 proxy materials.  In its current posture, this case raises the purely legal question of whether the Proposal that Plaintiff had sought to include in last year's proxy materials would have caused the Company to violate New Jersey or federal law had it been adopted.  Even in the event of a decision in Plaintiff's favor, resolution of this question will not have practical implications for the Company until the Company prepares proxy materials for its 2021 annual shareholder meeting at the earliest, provided that Plaintiff resubmits its Proposal in accordance with the procedural requirements contained in SEC Rule 14a-8.

In addition, as set forth in Defendant's Opening and Reply Memoranda of Law (ECF Nos. 25-1 and 40, respectively), resolution of this case turns on New Jersey and federal law, namely, (i) the New Jersey Business Corporation Act ("NJBCA"), (ii) the Federal Arbitration Act and (iii) the Securities Exchange Act of 1934 and the rules promulgated thereunder by the Securities and Exchange Commission.  (*See* ECF No. 25-1 at 12-33, 33-40; ECF No. 40 at 2-13, 13-15.)

The Court may be inclined to stay this Action given that Section 14A:2-9(4) of the NJBCA was imported directly from Section 109(b) of the Delaware General Corporation Law ("DGCL"), and Section 14A:2-9(5) of the NJBCA was derived from the Delaware Court of Chancery's decision in *Boilermakers Local 154 Retirement Fund v. Chevron Corp.*, 73 A.3d 934 (Del. Ch. 2013).  However, the critical issue here is the state of Delaware law *at the time the New Jersey Legislature adopted Delaware law* and enacted Sections 14A:2-9(4) and (5) of the NJBCA (the "Amendments").  (*See* ECF No. 40 at 6; ECF No. 25-1 at 23 (collecting cases).)  At that time, the Delaware Court of Chancery already had held that Section 109(b) of the DGCL "authoriz[ed] forum-selection bylaws only insofar as they 'govern where *internal affairs cases governed by state corporate law* may be heard.'"  (ECF No. 40 at 6 (quoting *Boilermakers*, 73 A.3d at 952).)  The New Jersey Legislature's adoption of DGCL § 109(b) and the existence of the *Boilermakers* decision at the time the New Jersey Legislature adopted Delaware law controls the issues presented in this case.  (*See id.* at 7; ECF No. 25-1 at 23.)

To be sure, New Jersey courts generally look to Delaware law for guidance in corporate law matters (*see* ECF No. 25-1 at 22), and *Sciabacucchi v. Salzberg*, No. 2017-0931-JTL, 2018 WL 6719718 (Del. Ch. Dec. 19, 2018), is relevant.  In that case, the Delaware Court of Chancery logically applied the rule announced in *Boilermakers* to invalidate a provision in a certificate of incorporation attempting to govern the forum for federal securities claims.  (*See* ECF No. 40 at 7.)  Thus, *Sciabacucchi* is factually analogous to this case and may provide guidance.  However, because *Sciabacucchi* post-dates the New Jersey Legislature's enactment

Honorable Michael A. Shipp
January 3, 2020
Page 3

of the Amendments, the Court need not wait for a decision from the Delaware
Supreme Court to rule in this case.

Accordingly, for the foregoing reasons, the Company takes no position on
whether the Court ought to stay this action pending a decision from the Delaware
Supreme Court.

Respectfully submitted,

s/ Andrew Muscato

Andrew Muscato

cc:    All Counsel of Record (via ECF)