## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE DORIS BEHR 2012 IRREVOCABLE TRUST,<br>*Plaintiff*,<br><br>v.<br><br>JOHNSON & JOHNSON,<br>*Defendant*,<br><br>and<br><br>CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM and COLORADO PUBLIC EMPLOYEES' RETIREMENT ASSOCIATION,<br>*Intervenors-Defendants*. | Case No. 3:19-cv-08828 (MAS) (LHG)<br><br>**Response to Court's Order to Show Cause Why This Case Should Not Be Stayed** |

Intervenors California Public Employees' Retirement System and Colorado Public Employees' Retirement Association agree with Plaintiff, The Doris Behr 2012 Irrevocable Trust (the "Trust"), that it may be prudent for the Court to stay this case pending the Delaware Supreme Court's disposition of *Salzberg v. Sciabacucchi*, No. 346, 2019, which concerns the interpretation of a Delaware statute similar to the New Jersey statute at issue here. *See Sciabacucchi v. Salzberg*, 2018 WL 6719718 (Del. Ch. Dec. 19, 2018) (holding that a forum-selection bylaw could not govern federal securities claims because these claims are not matters of a corporation's internal affairs). If the Delaware Supreme Court affirms the Chancery Court, it will buttress the New Jersey Attorney General's authoritative opinion, based on ample independent support in New Jersey law, that the Trust's proposal is illegal and thus excludable.

Notably, however, as set forth in the Intervenors' and Defendant's motions to dismiss, there are ample grounds for dismissing this case regardless of the outcome of *Salzberg*—grounds that are

1

based on the text of the relevant New Jersey statutes and longstanding New Jersey precedent. *See* N.J.S.A. § 14A:2-9(4); *Lambert v. Fishermen's Dock Co-op., Inc.*, 61 N.J. 596, 600 (1972). It has long been the rule in New Jersey that only matters concerning a corporation's internal affairs, subject to enforcement by the state under its corporate law, may be included in corporate bylaws. This proposition is well supported by centuries of law governing corporations and has been endorsed by courts, including the New Jersey Supreme Court, as well as by the New Jersey Attorney General and scores of leading corporate-law scholars. *See* Motion to Dismiss of CalPERS and Colorado PERA ("CalPERS MTD"), Dkt. No. 24, at 10–11; Jacob Hale Russell et al., *Mandatory Securities Arbitration's Impermissibility Under State Corporate Law: An Analysis of the Johnson & Johnson Shareholder Proposal* (Stanford Rock Ctr. For Corp. Governance Working Paper No. 237, 2019).

The only remaining issue for the Court to decide is whether the Federal Arbitration Act (the "FAA") preempts New Jersey's state corporate law—a question that does not turn in any way on the Delaware Supreme Court's decision in *Salzberg* and concerning which there is no legal basis for the Trust's position. The FAA does not apply to corporate bylaws. The Trust claims that bylaws are subject to the FAA because they are occasionally treated like "contracts" for purposes of corporate law. But it has no answer to the binding Third Circuit precedent, in this precise context, holding that bylaws lack the manifestation of mutual assent needed to form a true contract and that arbitration clauses in bylaws are, therefore, unenforceable. *See Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 162–63 (3d Cir. 2009). This Court need go no further to dismiss this case.

For these reasons, the Intervenors agree that it may be prudent for the Court to stay this case pending the Delaware Supreme Court's disposition of *Salzberg v. Sciabacucchi*, and also note that the pending Motions to Dismiss provide independent grounds for dismissing this action regardless of the outcome of *Salzberg*.

<div style="column: right">

Respectfully submitted,

*/s/ James E. Cecchi*
JAMES E. CECCHI
LINDSEY H. TAYLOR
Carella, Byrne, Cecchi, Olstein,
Brody & Agnello, P.C.
5 Becker Farm Road
Roseland, NJ 07068
(973) 994-1700

DEEPAK GUPTA (*pro hac vice*)
MATTHEW WESSLER
Gupta Wessler PLLC
1900 L Street, NW, Suite 312
Washington, DC 20036
(202) 888-1741

*Counsel for Intervenors California Public Employees' Retirement System and Colorado Public Employees' Retirement Association*

</div>

MARC I. GROSS
JEREMY A. LIEBERMAN
JENNIFER PAFITI
MICHAEL GRUNFELD
Pomerantz LLP
600 Third Avenue
New York, NY 10016
(212) 661-1100

SALVATORE J. GRAZIANO
HANNAH ROSS
JAI K. CHANDRASEKHAR
Bernstein Litowitz Berger
& Grossmann LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 554-1400

January 3, 2020

## CERTIFICATE OF SERVICE

I certify that on January 3, 2020, I served this document via CM/ECF upon:

Walter Stephen Zimolong
Zimolong LLC
PO Box 552
Suite 1210
Villanova, PA 19085
215-665-0842 (phone)
215-689-3404 (fax)
*wally@zimolonglaw.com*

*Counsel for the Plaintiff*

Justin Taylor Quinn
Robinson Miller LLC
One Newark Center
19th Floor
Newark, NJ 07102
973-690-5400 (phone)
*jquinn@rwmlegal.com*

Andrew Muscato
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000 (phone)
(212) 735-2000 (fax)
*andrew.muscato@skadden.com*

*Counsel for the Defendant*

                                             */s/ James E. Cecchi*
                                             James E. Cecchi
                                             *Counsel for Intervenors California Public Employees'*
                                             *Retirement System and Colorado Public Employees'*
                                             *Retirement Association*