NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THE DORIS BEHR 2012 IRREVOCABLE TRUST, et al., | |
| Plaintiffs, | Civil Action No. 19-8828 (MAS) (LHG) |
| v. | **MEMORANDUM OPINION** |
| JOHNSON & JOHNSON, | |
| Defendant. | |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Johnson & Johnson's ("Defendant") Motion to Dismiss Plaintiffs The Doris Behr 2012 Irrevocable Trust (the "Trust") and Hal S. Scott's ("Scott") (collectively, "Plaintiffs") Second Amended Complaint. (ECF No. 71.) Intervenor-Defendants California Public Employers' Retirement System and Colorado Public Employees' Retirement Association ("Intervenors") joined Defendant's Motion. (ECF No. 72.) Plaintiffs opposed (ECF No. 74), and Defendant replied (ECF No. 75). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Defendant's Motion is granted.

## I.   BACKGROUND[1]

### A.   The Trust's Shareholder Proposal

In November 2018, the Trust submitted a shareholder proposal for inclusion in Defendant's 2019 proxy materials. (SAC ¶ 16, ECF No. 66.) The Trust's proposal sought to "amend [Defendant's] bylaws and require the company's shareholders to resolve their federal securities law claims through arbitration rather than . . . class-action litigation." (*Id.* at 1.) In response, Defendant asked the Securities and Exchange Commission's Division of Corporate Finance (the "Division") to issue a no-action letter to support the exclusion of the Trust's proposal from its proxy materials because adoption of the proposal would allegedly cause Defendant to violate federal and New Jersey law. (*Id.* ¶¶ 20–21, 25.) The Attorney General of New Jersey also requested exclusion of the Trust's proposal because adoption of the proposal would allegedly violate New Jersey law. (*Id.* ¶¶ 27.) The Trust opposed both Defendant and the Attorney General's positions. (*Id.* ¶¶ 24, 26, 28.)

In February 2019, the Division issued a no-action letter which stated that, in light of the parties' submissions, and particularly the Attorney General's submission, the Division would not recommend action against Defendant if Defendant excluded the Trust's proposal. (*Id.* ¶¶ 29–30.) The Division did not, however, opine on the legality of Plaintiffs' proposal. (*Id.* ¶¶ 31–32.) On March 13, 2019, Defendant mailed the 2019 proxy materials to its shareholders, which did not include Plaintiffs' proposal. (*Id.* ¶ 33.)

---

[1] The parties are familiar with the factual and procedural history of this matter and therefore the Court recites only those facts necessary to resolve the instant Motion. *See Doris Behr 2012 Irrevocable Tr. v. Johnson & Johnson*, No. 19-8828, 2019 WL 1519026 (D.N.J. Apr. 8, 2019).

**B.      Order to Show Cause**

On March 21, 2019, the Trust filed the instant action against Defendant. (*See generally* Compl., ECF No. 1.) The one-count Complaint alleged that Defendant violated Section 14(a) of the Securities Exchange Act ("Section 14(a)") by excluding the Trust's proposal from Defendant's 2019 proxy materials. (*Id.* ¶ 35.) Based on that allegation, the Complaint sought declaratory and injunctive relief that would require Defendant to, *inter alia*, issue supplementary proxy materials that included the Trust's proposal prior to the April 2019 shareholder meeting. (*Id.* ¶¶ 41–42.) Five days later, the Trust moved for an Order to Show Cause ("OTSC") as to why a preliminary injunction should not be granted. (ECF No. 7.)

On April 8, 2019, the Court denied the Trust's OTSC. *Doris Behr 2012 Irrevocable Tr.*, 2019 WL 1519026, at *5. In reaching its decision, the Court found that the Trust "fail[ed] to argue that emergent relief [was] warranted, as required under Local Civil Rule 65.1(a)." *Id.* at *4. The Court also found that the Trust's "delay in filing the OTSC undermine[d] any arguments of immediate irreparable harm." *Id.* Thus, the Court directed this matter to proceed in the ordinary course. *Id.* at *5.

**C.      Case Is Stayed**

On May 31, 2019, Defendant and Intervenors moved to dismiss the Trust's Complaint. (*See* ECF Nos. 24, 25.) The motions to dismiss were fully briefed on July 29, 2019. (*See* ECF Nos. 39, 40, 42.) On December 20, 2019, the Court issued an OTSC as to why this matter should not be stayed until the issuance of the then-pending decision by the Delaware Supreme Court in *Salzberg v. Sciabacucchi*, 227 A.3d 102 (Del. 2020), which the parties had extensively briefed in support of their positions. (OTSC, ECF No. 46.) Because none of the parties opposed a stay, the Court

3

entered a February 2020 Order that stayed and administratively terminated this matter pending the decision in *Salzberg*. (Mem. Order, ECF No. 50.)

### D.    First and Second Amended Complaints

In June 2020, this matter was reopened following the Delaware Supreme Court's decision in *Salzberg*. (ECF No. 58.) Around the same time, the Trust filed a First Amended Complaint with the consent of Defendant and Intervenors. (ECF Nos. 56, 57.) In July 2020, Defendant and Intervenors moved to dismiss the Trust's First Amended Complaint. (ECF Nos. 59, 60.) The Trust then filed a Second Amended Complaint ("SAC") with the Court's leave on October 20, 2020. (ECF No. 65; *See* SAC.)

The SAC and the original Complaint contain virtually the same allegations, except that the SAC adds a section titled "Recent Developments" that includes two assertions. (SAC at 11.) First, Plaintiffs[2] assert that the *Salzberg* decision reversed the lower court decision which Defendant and the Attorney General relied upon "to support their assertion that the Trust's shareholder-arbitration proposal would violate Delaware law (and therefore New Jersey law)." (*Id.* ¶ 36.) According to Plaintiffs, *Salzberg* "eliminated any ground for asserting that the Trust's shareholder-arbitration proposal is contrary to state law." (*Id.*) Second, Plaintiffs assert that Defendant "informed the Trust that it will no longer exclude the Trust's proposal from its annual proxy materials if the Trust re-submits its proposal for consideration at a future shareholder meeting." (*Id.* ¶ 37.)

---

[2] The SAC also adds Scott, a trustee and a beneficiary of the Trust as a Plaintiff in this action. (SAC ¶ 5.)

As in the original Complaint, the SAC asserts a single claim against Defendant for violation of Section 14(a). Unlike the original Complaint, however, the SAC only seeks declaratory—not injunctive—relief. (*Id.* ¶ 45.)

## II.    LEGAL STANDARD

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction," a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "[T]he phrase 'case of actual controversy' in the [Declaratory Judgment] Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation omitted). "A basic justiciability requirement is that each case decided by the federal courts must be a 'case or controversy'—an action which by its nature is concrete and ripe." *Stoncor Grp., Inc. v. Ciprian Ingenieria Terminaciones S.R.L.*, No. 19-1132, 2020 WL 3496893, at *5 (D.N.J. June 29, 2020) (citing *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 350 (3d Cir. 1986)).

Before deciding a declaratory judgment case, a court must ask "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127 (citation omitted). The party seeking declaratory judgment bears the burden of proving, "by a preponderance of the evidence, that there is an actual controversy between the parties." *Benihana of Tokyo, Inc. v. Benihana, Inc.*, 622 F. App'x 169, 174 (3d Cir. 2015) (citation omitted).

## III.    DISCUSSION

The SAC seeks a judgment declaring that: (1) Defendant "violated [S]ection 14(a) . . . by excluding the Trust's proposal from its 2019 proxy materials"; (2) Defendant will not violate federal or New Jersey law "if it amends its bylaws in the manner described in the Trust's proposal"; and (3) "any New Jersey law that purports to prevent a company from requiring its shareholders to arbitrate their federal securities law claims is preempted by the Federal Arbitration Act[.]" (SAC ¶ 45(a)–(c).) The Court addresses the parties' arguments as to each requested declaration in turn.

### A.    Exclusion of 2019 Proxy Materials

In moving to dismiss, Defendant argues that Plaintiffs' request is moot because it seeks a declaratory judgment regarding past conduct only. (Def.'s Moving Br. 18–19, ECF No. 71-1.) Plaintiffs respond, in a paragraph lacking any supporting legal authority, that they are not seeking declaratory relief for past conduct but rather "are asking this Court to declare that [Defendant] may not exclude the Trust's proposal from its annual proxy materials *in the future*, because *any* decision to exclude the Trust's proposal—whether past, present, or future—will violate [S]ection 14(a)." (Pls.' Opp'n Br. 5, ECF No. 74.)

Despite Plaintiffs' suggestion to the contrary, the SAC plainly states that it seeks a declaration regarding past conduct—that Defendant "violated [S]ection 14(a) . . . by excluding the Trust's proposal from its 2019 proxy materials." (SAC ¶ 45(a).) This request, however, "is [] moot because declaratory relief cannot be obtained for alleged past wrongs, given that '[t]he remedy is . . . by definition prospective in nature.'" *McDonald v. Thomas*, No. 13-1471, 2015 WL 5032379, at *6 (M.D. Pa. Apr. 25, 2015) (quoting *CMR D.N. Corp. v. City of Phila.*, 703 F.3d 612, 628 (3d Cir. 2013)); *Gochin v. Markowtiz*, 791 F. App'x 342, 346 (3d Cir. 2019) ("Declaratory relief is 'by definition prospective in nature,' and [the appellant] was therefore not entitled to a declaration that

6

Judge Branca previously violated her rights in the forfeiture action." (citations omitted)); *Parkell v. Senato*, 704 F. App'x 122, 125 (3d Cir. 2017) (affirming district court's conclusion that the plaintiff "could not seek declaratory relief—which is 'by definition prospective in nature,' . . . and cannot be issued to address past wrongs") (quoting *CMR D.N.*, 703 F.3d at 628)). The Court, therefore, denies Plaintiffs' request for declaratory relief on this issue.

## B. Prospective Declaratory Relief

Defendants argue that Plaintiffs' second request for declaratory relief should be dismissed as not ripe because "any controversy with respect to a proposal that the Trust *might* submit in connection with future shareholder meetings is entirely hypothetical at this juncture and contingent on future events." (Def.'s Moving Br. 25.) The Court agrees.

The ripeness doctrine seeks to "prevent the courts, through the avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Artway v. Att'y Gen. of N.J.*, 81 F.3d 1235, 1246 (3d Cir. 1996) (citation omitted). "In determining whether an action is ripe for judicial review, the Supreme Court generally" considers: (1) "the fitness of the issues for judicial decision"; and (2) "the hardship to the parties of withholding court consideration." *Armstrong World Indus., Inc. by Wolfson v. Adams*, 961 F.2d 405, 411 (3d Cir. 1992) (quoting *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 149 (1967)). The Third Circuit has refined this test in the context of declaratory judgment "because of the difficulty in defining ripeness in actions initiated before an 'accomplished' injury is established." *Id.* (citation omitted). The Third Circuit "focus[es] instead on the 'adversity of interest' between the parties, the 'conclusivity' that a declaratory judgment would have on the legal relationship between the parties, and the 'practical help, or utility,' of a declaratory judgment." *Id.* (citation omitted).

7

In addressing the fitness prong, Plaintiffs argue that the issues are fit for judicial review because the issues presented are pure questions of law. (Pls.' Opp'n Br. 5–7.) "But plaintiffs raising predominantly legal claims must still meet the minimum requirements for Article III jurisdiction." *Armstrong*, 961 F.2d at 421 (citation omitted). And "[w]here the plaintiff's action is based on a contingency, it is unlikely that the parties' interests will be sufficiently adverse to give rise to a case or controversy within the meaning of Article III." *Id.* at 411–12 (citation omitted). Here, the SAC alleges that the "Trust wishes to resubmit its proposal for consideration at future shareholder meetings." (SAC at 2, ¶¶ 38, 44.) Plaintiffs, however, fail to identify any specific shareholder meeting for which they "wish" to resubmit the proposal, let alone the next shareholder meeting in 2022. Indeed, Plaintiffs assert that "[a]lthough the Trust wishes to re-submit its proposal for future shareholder meetings, [they] want[] a judicial declaration that the proposal is legal under both federal and state law *before [they do] so*[.]" (*Id.* ¶ 38 (emphasis added).) And this statement comes despite Plaintiffs' acknowledgment that Defendant "informed the Trust that [Defendant] will no longer exclude the Trust's proposal from its annual proxy materials[.]" (*Id.* ¶ 37.)

On these facts, the Court agrees that Plaintiffs' request is not ripe because any controversy with respect to a proposal that the Trust might submit in connection with future shareholder meetings is hypothetical at this juncture and contingent on future events, including this Court issuing a declaration that the proposal is legal under both federal and state law. *See Wyatt, Virgin Islands, Inc. v. Gov't of the Virgin Islands*, 385 F.3d 801, 806 (3d Cir. 2004) (citation omitted) ("A dispute is not ripe for judicial determination if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.").

The Court is also unpersuaded by Plaintiffs' argument that they will face hardship if the Court refuses to rule on the legality of the Trust's proposal. (Pls' Opp'n Br. 7.) According to

Plaintiffs, "[r]efusing to rule on these issues will impose hardship on the [P]laintiffs by preventing the Trust's proposal from receiving a fair shareholder vote, untainted by the unfounded (and uncorrected) accusations of illegality that [Defendant] has directed toward the Trust's proposal." (*Id.*) As with their arguments regarding past conduct, Plaintiffs provide no support for their speculative and conclusory claim of hardship. (*See id.* at 7–9.) "For a complaint to be ripe, the injury alleged must be real, and not hypothetical or speculative." *N.J. Hosp. Ass'n v. United States*, 23 F. Supp. 2d 497, 503 (D.N.J. 1998). Having found that Plaintiffs' claim is hypothetical and contingent on future events, the Court further finds that Plaintiffs' request for declaratory relief is not ripe because the alleged hardship is merely speculative. *Id.* (finding that the element of hardship was not satisfied where it was "'a matter of pure speculation' whether a party [would] be subjected to liability, and this determination hinge[d] on the 'unpredictable future decision' of the agency possessing the authority to enforce a particular statutory scheme.").

Finally, because Plaintiffs' first two requests are denied, the Court will also deny Plaintiffs' third request for declaratory relief. "Federal courts have no jurisdiction to render advisory opinions. Put another way, they 'may not decide questions that cannot affect the rights of litigants in the case before them or give opinions advising what the law would be upon a hypothetical state of facts.'" *In re Lazy Days' RV Ctr. Inc.*, 724 F.3d 418, 421 (3d Cir. 2013) (quoting *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013)). That is precisely what Plaintiffs' request in this case: a declaration that "any New Jersey law that purports to prevent a company from requiring its shareholders to arbitrate their federal securities law claims is preempted by the Federal Arbitration Act[.]" (SAC ¶ 45(d).) Thus, the Court denies Plaintiff's final request because the requested declaratory relief would amount to an advisory opinion.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted. The Court will enter an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE