**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE DORIS BEHR 2012 IRREVOCABLE TRUST *et al.*,<br><br>                      Plaintiffs,<br><br>                      v.<br><br>JOHNSON & JOHNSON,<br><br>                      Defendant. | Civil Action No. 19-8828 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court on Defendant Johnson & Johnson's ("Johnson & Johnson") Motion to Dismiss Plaintiffs The Doris Behr 2012 Irrevocable Trust and Hal S. Scott's (collectively, the "Trust") Third Amended Complaint. (ECF No. 81.) Intervenor-Defendants California Public Employees' Retirement System and Colorado Public Employees' Retirement Association ("Intervenors") joined Johnson & Johnson's Motion. (ECF No. 90.) The Trust opposed (ECF No. 86), and Johnson & Johnson replied (ECF No. 89). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Johnson & Johnson's Motion.

**I.    BACKGROUND**

      As this three-year-old matter enters its fourth chapter, both the parties and the Court are familiar with this story's background. The Court adopts by reference its prior decisions and highlights those facts necessary to resolve this Motion. *See Doris Behr 2012 Irrevocable Tr. v. Johnson & Johnson ("Doris Behr I")*, No. 19-8828, 2019 WL 1519026 (D.N.J. Apr. 8, 2019), ECF

No. 16.; *Doris Behr 2012 Irrevocable Tr. v. Johnson & Johnson ("Doris Behr II")*, No. 19-8828, 2021 WL 2722569 (D.N.J. June 30, 2021), ECF No. 77. A shareholder in Johnson & Johnson, the Trust submitted a shareholder proposal for inclusion in Johnson & Johnson's 2019 proxy materials (the "Proposal"). (Third Am. Compl. ("TAC") ¶ 16, ECF No. 79.) The Proposal would have required Johnson & Johnson to arbitrate certain shareholder disputes. (*Id.* ¶ 17.) Skeptical of the Proposal's legality, Johnson & Johnson requested state and federal regulators to opine. (*Id.* ¶¶ 20-21, 24-25.) The New Jersey Attorney General expressed the view that the Proposal would likely violate New Jersey law. (*Id.* ¶ 27.) The SEC expressed no view as to the legality of the Proposal but issued a no-action letter where it stated it would not recommend an enforcement action if Johnson & Johnson excluded the Proposal from its proxy materials. (*Id.* ¶ 29.) Buttressed by these authorities, Johnson & Johnson omitted the Proposal from its proxy materials. (*Id.* ¶ 33.)

This litigation ensued. The Trust sued Johnson & Johnson, asking the Court to declare that Johnson & Johnson's exclusion violated section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and that the Proposal was legal under state and federal law. (Compl. ¶ 44, ECF No. 1.) The Trust's Complaint also sought to enjoin Johnson & Johnson to include the Proposal in the April 2019 shareholder meeting. (*Id.*) In the years that followed, the Court denied the Trust's requested injunction and dismissed without prejudice. *Doris Behr I*, 2019 WL 1519026, at *5; *Doris Behr II*, 2021 WL 2722569, at *3-5. Critically, in its Memorandum Opinion dismissing this case, the Court agreed with Johnson & Johnson that the Trust's request for declaratory relief was "not ripe because 'any controversy with respect to a proposal that the Trust might submit in connection with future shareholder meetings is entirely hypothetical at this juncture and contingent on future events.'" *Doris Behr II*, 2021 WL 2722569, at *3 (citation omitted). The Court, however, allowed the Trust a final opportunity to amend its complaint. (Order 1, ECF No. 78.)

After the Trust amended, Johnson & Johnson filed the instant Motion. (ECF No. 81.) Not much has changed this time around. The Trust's Third Amended Complaint seeks three forms of declaratory relief: (1) a declaration that Johnson & Johnson's 2019 exclusion of the Proposal violated section 14(a) of the Exchange Act; (2) a declaration that the Proposal is legal under current state and federal law; and (3) a declaration that the Federal Arbitration Act preempts any New Jersey law prohibiting the Proposal. (TAC ¶ 46.) The Trust's Third Amended Complaint also alleged that the Trust would submit the Proposal for inclusion in proxy materials to be considered at Johnson & Johnson's 2022 shareholder meeting. (*Id.* ¶ 38.) Notably, the Trust followed through in September 2021 and Johnson & Johnson has not opposed that inclusion. (*See* Pls.' Opp'n Br. 1, ECF No. 86.) Still, the Trust's Third Amended Complaint alleges that, "without a judicial determination that the proposal is legal, Johnson & Johnson can continue to make (and refuse to correct) materially false and misleading statements disparaging the proposal's legality, making it impossible for the proposal to receive a fair vote from Johnson & Johnson's shareholders." (TAC ¶ 39.) Johnson & Johnson counters that the Trust's fear is speculative and conjectural.

## II.     **LEGAL STANDARD**

At any time, a defendant may move to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[1] Fed. R. Civ. P. 12(b)(1), (h)(3). The Court may treat a party's motion as either a facial or factual challenge to the Court's jurisdiction. *Dickerson v. Bank of Am., N.A.*, No. 12-0392, 2013 WL 1163483, at *1 (D.N.J. Mar. 19, 2013) (citing *Gould Elec., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). Typically, "[a] motion to dismiss . . . for lack of subject matter jurisdiction made prior to the filing of the defendant's answer is a facial challenge to the complaint." *Bennett v. City of Atl. City*, 288 F. Supp. 2d 675, 678 (D.N.J. 2003)

---

[1] All references to "Rule" hereafter refer to the Federal Rules of Civil Procedure.

(citations omitted). "A facial 12(b)(1) challenge, which attacks the complaint on its face without contesting its alleged facts, is like a 12(b)(6) motion in requiring the court to 'consider the allegations of the complaint as true.'" *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). As such, district courts "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs.*, 220 F.3d at 176 (citing *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

## III. DISCUSSION

This case implicates the relationship between Article III standing and declaratory relief. The Court thus starts its analysis with the appropriate framework to assess whether it has jurisdiction over this dispute.

The Declaratory Judgment Act (the "Act") governs declaratory judgment actions brought in federal court. *See* 28 U.S.C. § 2201. That Act provides that "[i]n a case of actual controversy within its jurisdiction," a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Id.* As the statute expressly limits its reach to actual controversies, the Court looks to traditional standing doctrines under Article III. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007) (citation omitted). Three are relevant here: ripeness, mootness, and advisory opinions. Ripeness "determines whether a party has brought an action prematurely, and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine." *Access Ins. Co. v. Carpio*, 861 F. Supp. 2d 539, 542 (E.D. Pa. 2012) (quoting *Pittsburgh Mack Sales & Serv., Inc. v. Int'l Union of Operating Eng'rs, Loc. Union No. 66*, 580 F.3d 185, 190 (3d Cir. 2009)). A case is moot when there is no conflict between the parties for the Court to adjudicate or afford any relief. *Prod. Source Int'l, LLC v. Foremost Signature Ins.*

4

*Co.*, 195 F. Supp. 3d 660, 664 (D.N.J. 2016) (citing *In re ICL Holding Co., Inc.*, 802 F.3d 547, 553 (3d Cir. 2015)). If a case is either moot or unripe, the dispute presents "no Article III case or controversy, and 'a federal court lacks jurisdiction to hear it.'" *Krys v. Aaron*, 106 F. Supp. 3d 492, 500 (D.N.J. 2015) (quoting *Mollett v. Leicth*, 511 F. App'x 172, 173 (3d Cir. 2013)). Also prohibited are advisory opinions, which are "legal declaration[s] that could not affect anyone's rights." *Fendon v. Bank of Am., N.A.*, 877 F.3d 714, 716 (7th Cir. 2017); *see also Armstrong World Indus., Inc. v. Adams*, 961 F.2d 405, 410 (3d Cir. 1992) ("Article III, section 2 of the United States Constitution . . . stands as a direct prohibition on the issuance of advisory opinions."). Notably, although the Court takes as true all factual allegations in the Trust's Third Amended Complaint, the Trust bears the burden of proving an actual case or controversy by a preponderance of the evidence. *See Benihana of Tokyo, Inc. v. Benihana, Inc.*, 622 F. App'x 169, 174 (3d Cir. 2015) (citation omitted).

**A.     The Trust's First Claim for Declaratory Relief Is Not Justiciable.**

With the standard set, the Court begins by assessing whether the Trust's first request for declaratory relief is justiciable. It is not. The Trust does not dispute that this request—a declaration that Johnson & Johnson's 2019 exclusion of the Proposal violated section 14(a) of the Exchange Act—is moot. (*See* Pls.' Opp'n Br. 10 n.9 ("We have no quarrel with Johnson & Johnson's contention that the claim for declaratory relief surrounding the exclusion of the Trust's proposal from its 2019 proxy materials has become moot.").) Indeed, the Court previously dismissed this same request for relief as moot. *See Doris Behr II*, 2021 WL 2722569, at *3 (finding declaratory relief cannot be obtained for alleged past wrongs).

Further, to the extent the Trust attempts to backtrack by arguing that the voluntary cessation doctrine morphs its requested relief into a live case, the Trust's argument fails. The voluntary-cessation doctrine provides that "[a] defendant's voluntary cessation of a challenged

practice ordinarily does not deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 169-70 (2000) (citing *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)). This doctrine is inapplicable when "subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* at 170. The doctrine simply doesn't work here. For one, the Court rejects the doctrine's application to this case for the simple reason that declaratory judgment cannot remedy alleged past wrongs, irrespective of whether they ceased. *See Doris Behr II*, 2021 WL 2722569, at *3 ("[D]eclaratory relief cannot be obtained for alleged past wrongs, given that [t]he remedy is . . . by definition prospective in nature." (internal quotation and citation omitted)). Further, even if the doctrine were applicable, the Trust fails to point to any future events that are reasonably likely to recur. All the Trust points to is speculation that Johnson & Johnson will "change its mind and return to excluding" the Proposal. (Pl.'s Opp'n Br. 1, 9.) That conjecture is far from what the voluntary-cessation doctrine requires. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 92 (2013) (voluntary cessation doctrine inapplicable where entirely speculative that similar harm would arise in the future).

Considering the Court already dismissed the 2019 claim once as irreparably flawed, and further considering the Trust's concession that this claim is moot, the Court dismisses with prejudice the Trust's first request for declaratory relief. *Hammill v. Bank of Am., N.A.*, No. 12-0117, 2013 WL 4648317, at *5 (W.D. Pa. Aug. 29, 2013) (granting dismissal with prejudice where declaratory relief was not justiciable), *aff'd*, 569 F. App'x 133 (3d Cir. 2014); *Donahue v. Sup. Ct. of Penn.*, No. 18-1531, 2019 WL 913812, at *5-6 (M.D. Pa. Feb. 25, 2019) (dismissing with prejudice declaratory relief claims for alleged past violations).

### B. The Trust's Second and Third Claims for Declaratory Relief Are Unripe.

Turning next to the remaining requests for relief—declaring that the Proposal is unconditionally legal and that the Federal Arbitration Act preempts any New Jersey law to the contrary—the Court dismisses these requests as unripe. Courts determine ripeness through three familiar factors: "(1) the parties must have adverse legal interests, (2) the facts must be sufficiently concrete to allow for a conclusive legal judgment, and (3) the judgment must be useful to the parties." *Surrick v. Killion*, 449 F.3d 520, 527 (3d Cir. 2006) (citing *Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643, 647 (3d Cir. 1990)).[2] All three factors counsel in favor of this case being too green.

Start with the first factor. To show adverse legal interests, the Trust must present a "substantial threat of harm" rather than "uncertain and contingent events." *Wayne Land & Min. Grp. LLC v. Del. River Basin Comm'n*, 894 F.3d 509, 523 (3d Cir. 2018) (citing *Surrick v. Killion*, 449 F.3d 520, 527 (3d Cir. 2006)). The Trust cannot make this showing—precisely because the events it complains of have not happened yet. The Trust's Third Amended Complaint argues Johnson & Johnson "*can* continue to make (and refuse to correct) materially false and misleading statements disparaging the proposal's legality." (TAC ¶ 39 (emphasis added).) It does not allege any specific materially false or misleading statements Johnson & Johnson made regarding the current Proposal's legality. Also worth noting, the current Proposal provides shareholders with details about a recent Delaware court decision that, according to the Trust, establishes the

---

[2] "In determining whether an action is ripe for judicial review, the Supreme Court generally looks to 'the fitness of the issues for judicial decision' and 'the hardship to the parties of withholding court consideration.'" *Armstrong World*, 961 F.2d at 411 (quoting *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 147 (1967)). The Third Circuit "refined this test" in declaratory judgment cases "because of the difficulty in defining ripeness in actions initiated before an 'accomplished' injury is established." *Id.* Given this action is brought under the Declaratory Judgment Act, the Court begins with these factors.

Proposal's legality. (Pls.' Opp'n Br., Ex. A, ECF No. 86-1.)[3] Thus, the Court cannot say with certainty that any wrong has occurred because whether the Proposal will receive a fair vote is speculative. *See Salvation Army v. Dep't of Cmty. Affs. of State of N.J.*, 919 F.2d 183, 192 (3d Cir. 1990) (justiciable controversy in declaratory judgment action requires demonstration of probability that future event is "real and substantial").[4]

As to the next factor, the "conclusivity" factor requires the Trust to show that "the parties' rights will be definitively decided by a declaratory judgment" and that "the case rests upon a sufficiently solid factual foundation." *AXIS Ins. Co. v. PNC Fin. Servs. Grp., Inc.*, 135 F. Supp. 3d 321, 327 (W.D. Pa. 2015) (citations omitted). The Trust again cannot make this showing. As stated above, the Trust has alleged zero examples of any false or misleading statements regarding the Proposal's legality in connection with the upcoming vote. Further, the Third Amended Complaint does not clarify how the requested relief would resolve the dispute between the parties. *See Grace Holdings, L.P. v. Sunshine Min. & Ref. Co.*, 901 F. Supp. 853, 862 (D. Del. 1995) ("One sound method of gauging conclusivity is by evaluating whether the Court is in a position to grant effective relief to the [Trust]."). For example, a judicial decree on the legality of the Trust's Proposal still leaves open the door for the parties to dispute whether it is beneficial to adopt the Proposal in the first place. *See Step-Saver Data Sys.*, 912 F.2d at 648 (noting lack of conclusivity where legal status of parties would not change or be clarified and the parties "would be left to do battle" on

---

[3] The Court may rely on a "document integral to or explicitly relied upon in the complaint" on a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citing *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)). The Court finds the Proposal, situated at the center of this suit since its inception, integral to the Third Amended Complaint.

[4] Similarly, the Court already rejected as hypothetical the Trust's contention that some shareholders may vote against the Arbitration Proposal solely because of Johnson & Johnson's prior position on its legality. *See Doris Behr II*, 2021 WL 2722569, at *4. It does so again here.

other issues). What the Trust asks of the Court is far removed from a declaration that would impact the parties' legal rights.

The Trust also cannot meet the "utility" factor. That factor examines the "[h]ardship to the parties of withholding" judgment. *Siemens USA Holdings Inc v. Geisenberger*, 17 F.4th 393, 413 n.26 (3d Cir. 2021) (alteration in original). Notably, "the proper focus of the utility inquiry is the effect of a declaratory judgment on the parties' plans of action—not *third* parties' plans of action." *Armstrong World*, 961 F.2d at 423. By the Trust's own admission, it is seeking a judicial declaration solely to influence *non-party shareholders*. (*E.g.*, Pls.' Opp'n Br. 3 ("Refusing to rule on these issues will impose hardship on the plaintiffs by preventing the Trust's proposal from receiving a fair shareholder vote, untainted by the unfounded (and uncorrected) accusations of illegality that Johnson & Johnson has directed toward the Trust's proposal.").) Any declaration by the Court would have no impact on the parties themselves.

Moreover, the traditional ripeness factors of "hardship" and "fitness for judicial review" also weigh against finding the matter justiciable. *Artway v. Att'y Gen. of State of N.J.*, 81 F.3d 1235, 1247-51 (3d Cir. 1996). The "hardship" factor looks to whether the threat of harm is "credible" and "not merely 'speculative,'" which this Court addressed above at length. *Id.* at 1247 (citing *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289 (1979)). The Trust resists this conclusion by arguing that the requested declarations are "pure questions of law," satisfying the "fit for judicial review" factor. (Pl.'s Opp'n Br. 1-3 (citing, among others, *Artway*, 81 F.3d at 1249).) As this Court already concluded in this matter, however, the legal nature of the question is just one consideration for ripeness. *Doris Behr II*, 2021 WL 2722569, at *4 ("But plaintiffs raising predominantly legal claims must still meet the minimum requirements for Article III jurisdiction." (quoting *Armstrong World*, 961 F.2d at 421)); *see also AXIS Ins. Co.*, 135 F. Supp. 3d at 327

9

(notwithstanding legal nature of question, judgments "that would be 'based upon a hypothetical set of facts' stray towards the realm of advisory opinions and thus favor a finding of unripeness." (internal citation omitted)). Even a "purely legal question" is "not enough, of itself, to render a case ripe for [judicial] review, not even as to that issue." *Off. of Commc'n of United Church of Christ v. F.C.C.*, 826 F.2d 101, 105 (D.C. Cir. 1987) (citing *Toilet Goods Ass'n, Inc. v. Gardner*, 387 U.S. 158, 163 (1967)). The Court looks to whether the record is "factually adequate to enable the [C]ourt to make the necessary legal determinations." *Artway*, 81 F.3d at 1249. It is not. Any remaining "harm" in this case centers on statements Johnson & Johnson may make (or not make) in the future. (*See* Pl.'s Opp'n Br. 11.) Because guessing the contents of these statements would be pure speculation, however, the factual record is incomplete. For the reasons stated above, the Trust's assertion that it raises a legal question does not confer a live controversy.

The Court also rejects the Trust's belated argument that "[a] declaratory judgment remains necessary to clarify Johnson & Johnson's obligations under Exchange Rule 14a-9 when characterizing the [Proposal] to shareholders." (Pls.' Opp'n Br. 10.) Rule 14a-9 prevents a company's proxy-solicitation materials from making false or misleading statements or omitting material facts, if necessary to correct any prior incorrect statements. 17 C.F.R. § 240.14a-9(a). As an initial matter, the Trust failed to raise this argument in its pleadings. (*See generally* TAC.) Although this reason alone precludes the Trust from raising this theory now, the Court considers the substantive argument. *Peacock v. Suffolk Bus Corp.*, 100 F. Supp. 3d 225, 231 (E.D.N.Y. 2015) ("It is well-settled that a plaintiff 'cannot amend [his] complaint by asserting new facts or theories for the first time in opposition to [a] motion to dismiss.'" (quoting *K.D. v. White Plains Sch. Dist.*, 921 F.Supp.2d 197, 209 n. 8 (S.D.N.Y. 2013) (alterations in original)). The Trust's attempt to apply Exchange Rule 14a-9 to Johnson & Johnson's future statements (or omissions) fails for the same

reasons as stated above. The Company's not-yet-spoken statements are unripe to be adjudicated, and, in any event, federal law provides a mechanism by which the Trust can challenge these statements if they are made. 17 C.F.R. § 240.14a-9(a); *see also Jaroslawicz v. M&T Bank Corp.*, 962 F.3d 701, 710 (3d Cir. 2020) (deciding a shareholder suit alleging Rule 14a-9 violations after the company disseminated proxy materials).

The Court dismisses without prejudice the Trust's unripe claims.[5]

### C.     The Court May Not Issue An Advisory Opinion.

Having found the Trust's Third Amended Complaint lacking any justiciable claim, no live case or controversy remains before the Court. *Christian Coal. of Ala. v. Cole*, 355 F.3d 1288, 1291 (11th Cir. 2004) ("[A] federal court determination of a moot case would constitute an impermissible advisory opinion."). That is, any opinion by the Court would only "advise[] what the law would be upon a hypothetical state of facts." *MedImmune*, 549 U.S. at 127 (internal quotation marks omitted). Although the Trust avers that the Court must intervene to protect the Proposal from unwarranted scrutiny by shareholders, "[u]nder this argument, every advisory opinion would be helpful in the sense that it allows a party or potential litigant to seek legal advice from an Article III judge." *Am. States Ins. Co. v. Component Techs., Inc.*, 420 F. Supp. 2d 373, 375 (M.D. Pa. 2005). Absent a justiciable issue, the Court notes that the declaratory judgment procedure "may not be made the medium for securing an advisory opinion in a controversy which has not arisen." *Coffman v. Breeze Corp.*, 323 U.S. 316, 324 (1945). In any event, judicial declarations are not intended to be used as academic instruments clarifying the state of the law in

---

[5] "A dismissal for lack of jurisdiction is plainly not a determination of the merits of a claim. Ordinarily, such a dismissal is 'without prejudice.'" *Korvettes, Inc. v. Brous*, 617 F.2d 1021, 1024 (3d Cir. 1980). Because the Court lacks jurisdiction to hear the Trust's unripe claims, it dismisses these claims without prejudice. Having twice adjudicated substantially the same jurisdictional issue, however, the Court cautions the Trust from filing unripe claims for a third time.

hypothetical scenarios. Even if the Trust's claims were properly before the Court, for the reasons detailed above, the Court would discretionarily decline the Trust's invitation to write the next textbook chapter on corporate governance. *See* 28 U.S.C § 2201; *Step-Saver Data*, 912 F.2d at 646-47 ("Even when declaratory actions are ripe, the Act only gives a court the *power* to make a declaration regarding 'the rights and other legal relations of any interested party seeking such declaration,' . . . it does not *require* that the court exercise that power." (quoting 28 U.S.C. § 2201)).

## IV. CONCLUSION

For the above reasons, the Court grants Johnson & Johnson's Motion to Dismiss. The Court dismisses the Trust's Third Amended Complaint, and it will enter an Order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE